Hi, everyone. California Police Division is now in session. The Honorable Justice Mary L. McCluff is presiding. Please be seated. And will you call the case. The case under law that is in case that is not being sued is against L.A. Capital, LLC v. BCL-Peterson Kane, LLC. Good afternoon. Welcome to the Court First District. Only our second for this division in-person oral argument. We're thrilled to have you here. Before we start the timing, which is going to be 20 minutes per side, I'm going to ask the lawyers that are arguing to each stand to tell us your name. And for the appellant, tell us if you want to reserve any time for rebuttal. Good afternoon. Mickey Stowe, you're on behalf of the appellant, BCL-Peterson Kane, LLC. We would like to reserve five minutes. Okay. Good afternoon, Judge. Thank you for the appellant. My whole acquisition is to pay all those capital dollars. All right. Before you begin, just a reminder, this microphone is not for amplification, but simply for recording. Please keep your voices up so that people in the back of the room can hear you. And Ms. Salyer, whenever you're ready, you may begin. Good afternoon. May it please the Court, Mindy Salyer for appellant. Your Honor, this case arrives here on multiple strict compliant challenges to orders directing the issuance of tax leave. There was a valid, timely, post-judgment motion filed within 30 days of the order. Subsequent to that, the order directing the issuance of tax leave was amended because the original order that the petitioner supplied the Court and that was entered contained incorrect legal description. Subsequent to that, the parties engaged in more than one round of motions for summary judgment and cross motions for summary judgment. So the appellant, BCL, contends the standard of review today is de novo as a matter of law. On the uncontested facts and unrebutted evidence, depositions and affidavits on file, the first issue is the ground challenge on the strict compliance, which is similar on a direct attack to an objection to the issuance of an order directing the issuance of tax leave because on direct attack within 30 days, according to the Illinois Supreme Court and Dwyer, and most recently Blossom cited in our briefs, you can attack across the board and you can challenge strict compliance or due diligence violations as opposed to a collateral attack. So the first issue in ground to vacate the order is the lack of strict compliance with the 22-5 notice. Now the 22-5 notice was challenged because the language of the notice says the total amount required to be paid in order to redeem at the time of this notice. And the challenge was that it's $13 off. So the $13 are the Cook County home rule fees that are constitutionally provided. It permits the county clerk to charge within the body of the estimated redemption that is required to be paid at the county clerk's office. The $10 and $3 fee are added into that total amount required to be paid at the time of notice. Now you have no case law to support that argument. I'm sorry? You have no case law to support that argument. You're relying on what happens in the division, correct? No, I'm relying on the case law provided in our brief that the home rule is constitutional and they're allowed to institute the home rule fees to add to the estimated redemption. And we also cited Christ Hospital in our briefing extensively under this portion that it's presumed that the legislator permits the county to make the home rule constitutional fees to charge only in Cook County. They're not charged in any other county. So basically we did the statutory construction to support that. This is the manner of first impression for Cook County on the 22-5 notice. But there is a statutory construction argument on the express language of the notice. First impression. If that answers your question, Your Honor. It does. Okay. And so the 22-5 notice expressly sets forth that at the time of the notice this is the amount required you must pay in order to redeem. And a part of the uncontested affidavits that was unchallenged by appellee were 14 estimate redemptions stemming from 2005 forward, which evidenced that the $13 through the $10 and the $3 fee are incorporated and included in the estimate redemption in Cook County, meaning that a property owner or any person desiring to redeem with appropriate interest going to the county clerk's office will not be permitted to redeem.  They're required to pay the county clerk $10 for that estimate of redemption, but within the body of the estimate of redemption in that total amount, that $13 under the constitutionally permitted home rule fees is added to the total amount that is required to be paid. So someone going to the county clerk's office and attempting to redeem would not be permitted to redeem if they did not have the total amount listed on the estimate of redemption. So the 22-5 notice fails to strictly comply because the form has to be completely filled in as mandated by the legislator. And the beginning entry to 22-5 on the statutory provision sets forth in order to be entitled to a tax deed. In order to be entitled to a tax deed, the form has to be completely filled in with correct and accurate information. Now, in our brief, we set forth the history of strict compliance beginning with Midwest, going to Glory, going to then Equity One, going to Flam. Where the Cornerstone case, Midwest v. Anderson, the certificate numbers omitted the first two certificate numbers on the notices and the tax purchaser argued that the error was insignificant and the court held that it was not insignificant, that strict compliance must be had and the notice has to be accurate and complete and correct in the form notice. Now, the form notice for the 22-5 calls for the total, at the date of this notice, the total amount which must pay in order to redeem the property is. Now, this is not a difficult calculation. It's been the same calculation for a long time and as evidenced from the unconsented affidavits from 2005 forward, at least from what I have from my records, it's always been included in that total amount. The form notice. What is your response to what the trial court said about that those are not costs that are included in the statute? Yes, the trial court said AI-21-355, which is contained in a separate article of the property tax code, Article 21, was what the legislator intended, I guess, for that phrase to mean. And we cited the case law that said that the legislator was certainly aware of separate articles, separate phrases, and we argued that he was incorrect, that the trial court was incorrect. Because these are still something that's needed to redeem in your view, even if they're not listed in the statute. And the legislator could have put in the form notice the amount of redemption, but they didn't. They put, at the time of this notice, the total amount required to be paid is X. So the legislator is presumed on the case law we cited to be aware of Article 21 and AI-21-355, and the court applied Appleby's argument that it should be restricted and limited to only 21-355, even though, in reality, that is not the total amount required to be paid at the date of the notice. The 22-5 notice further goes down in the form and the body of the notice, and it says that this notice, that this amount is subject to increase in six-month intervals. And then it further goes down to state that you can check with the county clerk. So what you need to understand about the timing is, is that within four months and 15 days of the sale, this notice is provided with what we believe is unambiguous language, that you have to put this correct amount, which includes $13, in the 22-5 form. And then, obviously, anyone going in to the county clerk between that four-month and 15-day to the notice clear up until the six-month interval will pay that amount. I want to let you get to your other problems that you have with the notice given, because that was only one of three, I believe, or one of four that you suggest was wrong, was the amount for record. So we move on from the 22-5. Right. Okay, so moving on, of course, from the 22-5 notice, I want to next talk about the sheriff's affidavit that's unrebutted in the court file. The sheriff's affidavit in the court file reports that V.C.L. Peterson-Cain, Kara Iman Alomari, the registered agent, was purported to be served corporate service via Linda Alomari. Now our argument there is that sheriff's affidavit that's unrebutted on the cross-motion is evidence of the failure to strictly comply. And the reasons are, but first I want to talk about what Judge Fahl said. Judge Fahl said in his order, and this is at C-993 of the record, he found on the cross-motions for summary judgment that Iman's wife was served at Iman's usual place of abode. Now I want to be clear that this is an incorrect finding on cross-motion for summary judgment because the affidavit does not report that service was made under 2203 of the Code of Civil Procedure. Personal service was not attempted and neither was substitute service reported. And this is significant because if they would have went to this property at the address listed for the registered agent and attempted to serve Iman and did not find Iman, they could have reported substitute service, which then the Code would have required that mailing to go to Iman. But because the sheriff reported corporate service on Linda Alomari and not on Iman, and it's uncontested that she wasn't an agent of VCL and she did not have authority, but because of that, the mailing didn't go out and that service is defective. Now the circuit court in this case erroneously found that that uncontested affidavit showed that he was served at his usual place of abode because that substitute service, that abode service, didn't have it. It's not in the four corners of that affidavit. And so the trial court also relied on, I think, in-room jurisdiction, which I'm not sure I understand. Well, just because it's not relevant to the strict compliance objection. That's an argument that Abilene made that, oh, personal service isn't required, there's in-room jurisdiction, and that's not relevant to the strict compliance objection. And actually, all that's correct. It's just not the issue here. Correct. Okay, so go ahead. Yes, yes. It's not relevant to the strict compliance objection on the direct attack within 30 days. And the reason being is, is because the 2210 form notice has to be given in the time, in the manner required by law. That means that an attempt to serve that notice has to be made. If it's a personal attempt, then no contact, which there are affidavits in the file that show that, then the sheriff sends the certified mail. If the sheriff makes substitute service, then they send the secondary mailing as required by 2203. Now, because this is an LLC, our contention is, is that the Illinois Limited Liability Act controls the procedure. But the statute specifically references 204, right? Right, which is for corporations. Right, but, and there's case law that says that'll do for an LLC, correct? Well, I wasn't aware of that. Okay. I'm just aware of the case law that with the LLC requires that any notice requires. But none of that matters for your argument, though, because your argument is that the service, he was never personally served. And he was not, there was no substitute service. So any, for all practical purposes, there was no service at all. That's your argument. Correct. And the sheriff's affidavit says corporate service was rendered in order under the 204 from the CODIS procedure, as Justice Mikva just pointed out. Under that, it's fatally inaccurate. So regardless of whether you use the Limited Liability Statute, whether you use 2204, you're saying that there's no service. It fails to strictly comply. It doesn't comply with the statutes. That's correct. That's correct. That's correct. Exactly. And the second argument on that issue, on top of that, is then under the LLC Limited Liability Act, which was enacted and says any notice served on an LLC shall be served this way. The second issue on that is the tax purchaser in this case sent another notice out to BCL at an address in Northbrook, which was not that registered office address for BCL. They were on Lawrence Avenue in Chicago. It was in the public records of the Secretary of State. And so under the LLC Act, when you serve the notice on the LLC registered agent, you're issuing that notice to be served the 2010. But you keep arguing about the LLC Act, but it still doesn't matter because your argument, again, is that even if we were to look at 2204, it's still the wrong address. It's still not their corporate business office. Correct. So you want to disagree? The registered agent was the correct address in Orland Park. The sheriff went to Orland Park, but then – Well, that was the registered agent's home address. That wasn't the business address. Correct. Thank you. Yes. So that's that. Okay. So you can kind of go on to your next issue. And so our contention is that the trail court – and I'll just finish that quickly because I'm not going to belabor a point the court doesn't want to entertain. But our point on that issue is that 1.108 of the Code of Civil Procedure especially provides that where a statute is silent on the procedure to serve, that the other relevant statute, the providing statute, applies. And so under the Code of Procedure 1.108, the Limited Liability Act does apply. And so, yes, you are correct, Justice Walker, that it doesn't matter if their argument that it should be 2204. Either way, it fails to strictly comply. But we just wanted to set out what we believe to be the correct procedure to serve any LLC in any tax deed proceeding so that there's no confusion on that. Normally, tax purchasers serve the Secretary of State if they log on and they find that an Illinois LLC is defunct or dissolved, they'll serve the Secretary of State. Yeah, that's also not an issue here. The Secretary of State was never served. But that only applies in a limited liability company situation. Correct. So whether or not the BCL Peterson King or its registered agent was aware the tax deed proceeding is also not relevant to whether or not they strictly complied. Because prejudice is presumed on a strict compliance direct attack. It's the burden of the tax purchaser to prove they strictly complied. And on any objection or 30-day timely attack, you have to strictly comply with these notices. And this is balanced with the legislative intent of the Merchants' Ability of Tax Deed post-30 days where they severely limit it. And this is why the court in Midwest, Glory and Equity One in Flam, hold that the strict compliance is rigid and you have to apply it. So the trial court's holding that Iman was served a boat service is just plainly incorrect from the affidavit. You're technically out of time. If you want to make some final points in your opening, I'd certainly let you do that. If there are any more questions. You still have a hot issue remaining. I'm sorry? You still have a hot issue remaining regarding the other notes. I apologize. Okay. Well, go ahead. Would you like me to address it briefly? There were two other grounds listed. The last known tax was the CE of record in serving the occupants at the property that we set forth. And we'll defer to the break unless you want additional argument. You can go to your next argument. I'm sorry? Your next argument. You still have one more. You had four arguments. You've only given us three so far. But that's fine. If you're done, you're done. No, no, no. I mean, if you want me to go on, I will with the time. The last known tax is the CE. Dr. Cento was listed as the last known tax assessee. His address was listed in the public record at the adjacent office building. We argued that he was an interested party entitled to notice and that the occupants at this medical center, which this was a medical center that was operating at the time of this proceeding, and we deposed Tawana Dennis, the field inspector, and she asserted that it was occupied by multiple occupants, and we argued that they should have been also served with notice. Does it matter that Dr. Cento got served as the agent of those occupants? Is that relevant at all to whether he needed to be served as the last tax assessee? Well, we think it matters because those two occupants only out of the six that they chose to serve, he was the registrar and agent and president, but they were S corporations, and his interest in the record is the last known tax assessee. We cited Payne B. Williams for the fact that he was in those records and he was listed as the last known tax assessee, and that makes him an interested party entitled to notice. Is there a law that says that makes him an interested party? Well, we cited and relied on Payne B. Williams in our brief. Thank you. All right. Thank you. Counsel. Thank you. Good afternoon. May it please the Court. Counsel, there are four issues in this appeal, specifically that the Section 22-5 notice, the dollar amount is wrong. The second is the failure, the alleged failure to name and serve the SOC, and that the SOC, by its very nature of being the tax assessee, is an interested party. The third is the failure, again, the argued failure to serve additional occupants of the property. And then the fourth issue was the service on the registered agents. I'll try to be brief but touch upon Law 4. So the first issue of the 22-5 notice, the dollar amount, as I pointed out, and as the trial court agreed, there is a section in the property tax code that states specifically what amount is required to redeem, and that's Section 21-355. That section delineates, I think there's 11 different items that have to be included into a redemption. The trial court agreed that when the legislature is that extensive in that determination of those dollar amounts, it's exhaustive. I cited the only case law that I'm aware of that deals with what is the amount necessary to redeem, and that was the 5th District case of NRA Act 5-98-0360, 5th District. It's in the brief. That case did not deal with a 22-5 issue. It dealt with a 2280 issue. And the 2280 is when you vacate an order for tax, the intersection 2280, the successful party has to pay the tax deed petitioner certain dollar amounts. And one of those amounts is delineated in 2280 as the amount necessary to redeem. So there was arguments over what is that amount. The trial court ruled that you have to look at 21-355, and the appellate court agreed. But 21-355 gives you an exhaustive list of what's necessary to redeem. Section 21-355 comes out of Article 21 of the property tax code. 2280 comes out of Article 22. Therefore, since it's an article after 21, if the legislature wanted to add additional amounts into the amount necessary to redeem, it could have chosen to do so. It didn't because it was relying on what's in Article 21. We have the same argument here because the 22-5 notice comes out of Article 22. So if you want to look at the redemption amount, you look to Article 21, which is Section 21-355. Had the legislature wanted to add additional amounts to that in Section 22-5, they could have. They chose not to. The next issue relative to this dollar amount is that if you look at the exact language of Section 22-5, it says, and I'm going to quote, check with the county clerk as to the exact amount before redeeming. That's in the language of Section 22-5. The legislature put that in knowing that this amount that's in the 22-5 notice may not be exact, and you have to check with the county clerk. The trial clerk picked up on that as well. The dollar amounts that the appellant argues should be included in the Section 22-5 notice are fees. They are not amounts required under the property tax law. These are county fees. We never made an argument that those fees weren't constitutional, that the county can't charge them, but they're certainly entitled to it. Our view is that under Section 22-5, in conjunction with Section 21-355, the amounts that are required by statute to be included were, in fact, included, and that notice was in strict compliance. The next issue is the service on the SSC. Now, let's be clear. The service on the SSC, the argument here is that because this person is listed as the SSC on the tax bill, by that very nature, they're entitled to be named and served. That's not true. The fact that you are the SSC does not give you an interest in the property. In fact, as my brief states, that used to be an absolute requirement. The property tax code listed interested parties, and it also said the SSC. They used to require you to name and serve the SSC. The legislature finally realized that a lot of times the SSC on a tax bill has no interest in the property. It's the former owner. They sold the property, but they're still showing up on the tax bills. Oftentimes, especially in Cook County, the property is a vacant lot, and the tax bill will be to the taxpayer of, and it's mailed to the vacant lot. There's nobody there. So they took that portion out of the property tax code, and the reason is if the person or party has an interest in the property, when you file a tax deed petition, you're going to know it, and if they have an interest in the property, they have to be named and served based on that interest. So what we have here is the SSC of this Mr. Seno, who was the former owner of the property. If you look at the title, he owned the property. He lost it through a foreclosure. That's why his name was still the SSC. He does not have to be named and served in that capacity. However, he was also the owner of the occupants and the manager of the occupants. Under that interest, he has to be served. Under that interest, he was named multiple times and served multiple times. So the service on Mr. Seno was proper. He wasn't required as an SSC, and again, there's nothing in the property tax code, and there's no case law that says if you're a party that wears multiple hats, you have to be served multiple times. That's not the case. The whole idea in the property tax code is to get noticed to people so they know the taxes were sold and they can redeem them. So you're saying even if he wasn't able to notice, he got noticed? Exactly. The next issue is this argument that there's six occupants on the property. Now, the property tax code, section 22-15, in dealing with service on the occupants, specifically says if the property sold has more than four dwelling or other rental units, then you can serve the managing agent. Their pleadings established that the property has six commercial units. So pursuant to section 22-15, you don't have to name all the occupants. You name the managing agent. We know that Mr. Seno was the manager. Their pleadings established that he was the owner, the manager of the occupants. He was served. So that's proper. That's for compliance. Now we'll get to the last argument, the service on the registered agents. Sitting there, I realize that I'm going to have to get into this in rem. I'm the one that raised it, so it's only fair that I get into it. A tax deed proceeding is in rem. Actually, before you get into that argument, which is, I think, a bit heavier, deal with the issue of whether or not the limited liability statute applies here. Well, it's funny because that's part of what I had in mind. My argument on that was I don't believe it does. The original 1203 motion doesn't mention it. But even if it does, it's a distinction without a difference. It doesn't matter how you apply it. It still goes down to serving the registered agent, which is what was done here. So I think it's a distinction without a difference. It doesn't really matter. You can accept that it does or it doesn't. It's still service on the registered agent, which would be required. No, no. We did not service on the registered agent, or we did not. Right, right. So in rem is, in a tax deed proceeding, the court acquires jurisdiction over the property at the time of the application in order for judgment and sale. At that point in time, the court has jurisdiction. Now, be clear. I'm not arguing a jurisdictional argument here. No, I see. Exactly. But I think it's important. In fact, I think it's imperative that we understand the in rem nature when we start looking at services. Why? Why does it have anything to do with notice? Because in a tax deed proceeding, actual service is never required. The service of a... Well, not actual notice, but notice in compliance with the statute is required. Here's what's required. It's the diligence of the tax deed petitioner to do three things. And set aside whether the notice is proper or not. There's three things a tax deed petitioner has to do. Number one, they have to be diligent in identifying the interested parties. In this case, there's no doubt. They were diligent. They identified the registered agent at his office as listed in the Secretary of State office. It happened to be his home, but that's the address that was listed in the Secretary of State records. They identified that interest. So that's check box one. The second thing a tax deed petitioner has to do is first identify him, second locate him. So the first two items are done. There's no dispute on that. But they did contact. We know that they communicated with the Secretary of State because that's how they knew who the registered agent was. But they actually served at the 450 Skokie address in Northbrook. That service was attempted there as opposed to the correct address, which was 3201-13 West Lawrence. Okay. First of all, that address was the address of the registered, the corporate office address. That address wasn't pulled. If you look in the deed itself, that was the address listed on the deed for BCL, for the grantee. With the 3201-13 West Lawrence was the address listed with the Secretary of State. I'm sorry? The 3201-13 West Lawrence was the address listed with the Secretary of State. That was with the Secretary of State for the office of the owner. That was their corporate offices, not the registered agent's office. Oh, right. Well, that was their corporate office. Then you served, you attempted to serve the registered, or you did serve, or whatever. I won't get into that right now. But the registered agent was allegedly served at his home address. But that was the address that the registered agent listed with the Secretary of State for service. He wasn't listed at the corporate. He had his own address for the registered. That was his office. And it happened to be his home. But that's what he used. That's common. Now, to go back to it. The actual service is never the issue in a tax. It's in a round. And I cited the Apex case, which is a 1st District case. I cited the Naglon case, which is a 1st District case. The Apex case, which is an Illinois Supreme Court case. And then the Jones v. Fowler case, which is a U.S. Supreme Court. Those cases all say the same thing. Actual service is never required in the tax deed proceeding. So the service is the red herring. What you have to look at is the diligence of the tax deed petitioner. Well, what's the third thing? Diligence and identifying. You've got to locate him. And what's number three? You have to attempt to serve him. You have to attempt to give notice in accordance with the statute. Absolutely correct. Yes. And here the tax buyer directed the sheriff to attempt to serve the registered agent at the office that he lives in, which happens to be his home. But the sheriff becomes an agent, if you will, of you. Absolutely. So the agent, the sheriff, left it with the wife. And why is that good service? That's actually the $64,000 question. Agreed. So here's the thing. So the sheriff went out there to serve Mr. Amari, serves the wife. Now, the wife doesn't refuse to accept service. She doesn't say I'm not authorized. She doesn't say I'm not an agent. She actually takes the service. The sheriff thinks he's done it. So let's assume, for example, that he knocked on the door and she said, no, no, I can't take that service. I'm not authorized. What would the sheriff have done? Come back at another time. She cut that off by accepting the service. And the sheriff's mind is now probably to serve someone who's accepted the service. So how is she supposed to know and why does the sheriff not know that he's doing corporate service and it has to be on the registered agent? Isn't the sheriff more likely to understand that than the wife? Probably. You would hope so. I would hope so. The wife is a registered agent of another corporation. The wife is a registered agent. I'm sorry. I didn't mean to cut you off. No, go ahead. You can get your argument. So the wife is a registered agent of another corporation. So she knows what a registered agent is. She's also president of another corporation. That's all in the court record. So she knows what all this is. So, again, the question is was the taxpayer diligent? Did they do what they're supposed to do? And here's the big thing. What is the ultimate goal of these notices? It's to let somebody know that the taxes were sold so they can redeem. And that was effectuated here. We know that because when you look at Mr. Amari's deposition and we start asking about who's supposed to pay, who's not supposed to pay, who's responsible, often he says, who's my lawyers for an hour? We're supposed to be checking up on this. If you go back to their answers in the regulatory. Before we keep going with that argument, that argument defies the strict compliance analysis. I agree with that because the strict compliance, I think, has been established already. The attempts to serve. And, again, you have to remember, they don't have to effectuate service. They have to be diligent in their attempts to serve. So even if the sheriff had served no one at the registrar's office, the tax team is still good and the diligence is still good. But the ultimate goal is the notice. And when he talked about the attorney, he actually ordered Mr. Amari. So you're saying that because we're discussing the tax deed case, that because the sheriff has been asked to serve, they've attempted to serve, and if they serve no one, they're strict compliance. Absolutely. And that's what the Negron case dealt with. That's what the Apex case dealt with. Of course, we want to hear what you have to say about that. No one was served in those cases. And the court said, that's not the standard. The standard isn't the service. The standard is the diligence. The taxpayer did what they're supposed to do. And here, that standard was met. The trial court found it, and properly so. The taxpayer did what they're supposed to. They knew about it. They ordered an estimate of redemption and never redeemed. What more can a taxpayer do? They met their burden of strict compliance with their diligence. Well, and if we follow the 2-204, they could have served almost any officer found at the registered office. That's correct. Which was the Lawrence address. That information was available through the Secretary of State's office. And here's the thing. It doesn't say any officer at that address. It says any officer or agent. So that begs the next question. The agent or any other officer. So how is the sheriff to know that Ms. Amari is not an agent? If she's an agent, then service is good. They can serve any agent anywhere in the state. Then service is good. The only one that had this knowledge was the appellants. And they're trying to impose that knowledge upon the taxpayer's diligence. Doesn't the sheriff's return of service go back to your client? And they look at it and see who was served? Goes to the clerk. Goes to the clerk. But doesn't go to you? No. It's filed in the case. But that's a good point because you have to remember, too, there's not just one mode of service here. In addition to the sheriff going out, the clerk of the circuit court sent certified mailings to the registered agent at that address. Now, they never accepted it, never signed for it. But that's the second mode of service. And the third is publication, which was also effectuated. So you have three modes of service here. And they're only taking issue with one of the three. The other two are completed. I don't know if I'm out of time. Counsel, I think part of the issue here is that with your analysis, you put the focus on the attempt of the tax buyer. However, I think the reason that the legislature made this strict compliance is because they are attempting to protect the owners of the property. They want to make sure that they had notice. And so if you then put the focus on effectuating the notice on the owner or the persons of interest, then you have to look at service and whether or not service was actually done properly or effectuated. Not simply. And I think that it's an error to minimize the importance of the service part, not just looking at whether or not the tax buyer is going through the process. Because it's about more than process here. Understood. And I accept that. I agree with it. And here's the difference with the tax deed in the interim versus other types of litigation. In the tax deed proceeding, you have this three-month window in which everything has to take place. Now, if we were here on some other lawsuit for money damages, and they came in and said, wait a minute, you didn't service. Well, then what happens? We continue the case and the sheriff back out to get service. In a tax deed proceeding, you cannot do that. You run out. It has to be done within that three-month window. And that's why actual service is not the requirement. And I understand what Your Honor is saying, and you're right. And the ultimate goal is to make sure they know about this. And in this case, they did know about this. Their attorney ordered an estimate of redemption from this tax bill, but they never paid it. So this is not an issue where they had no idea what was going on. They knew about it. They ordered an estimate of redemption and did nothing. So I believe the purpose and the intent of that has been met. And, again, because of the nature of the tax deed case, tax payers can't go back and redo things. They're stuck with that window. And that's why. Is it draconian? It's draconian. There's no doubt about it. But that's what it is in the process to collect taxes in the state of Illinois. So your argument, just so we're clear, is that there was strict compliance because the sheriff was basically paid to make the service, and the sheriff, in fact, made service by serving the wife. Absolutely. Let's be clear. The tax payer can only use the sheriff. The tax payer cannot use a special process to serve the wife. We're aware of that. Okay. So, yeah, that is my argument, that they did strictly comply with the property tax code. They did everything that they were required to do. Is it not because they served the wife, but more so because they served at the address of the registered agent? Correct. Because, as I said, even had they served no one, they would have still strictly complied with the property tax code. The fact that the wife accepted a service is just something extra. That's why the terms of the service is the red herring. The issue is the diligence. It's always the diligence. Save it for a 1401 petition, which we won't get into, but it's always the diligence of a tax deed petitioner. It's not the end result. And the tax deed petitioner, in what they gave the sheriff, did everything that they were supposed to do. If there was a problem, it was with the sheriff, and out of the control of the tax deed petitioner. That's correct. They properly identified this person's interest. They properly located his address through the Secretary of State, and they properly directed the sheriff to go out there and attempt to serve this party with notice. That's the diligence of the tax deed petitioner, which they complied with. And your argument also is that it's not about the diligence of the sheriff. It's about the diligence of the tax buyer, and they did everything that they could possibly have done. Yes. Say why. I'm going to throw it because he had been placed in with the sheriff, and let's say the sheriff went out and did nothing. The sheriff didn't get anything. It's happened in Cook County. You've probably seen some cases where it's happened. Then it's different. That's something that they would have to follow up on. But other than that, yes, they've done what they're supposed to do. That is my argument. Anything else? No. Thank you. Thank you for your time. On reply, I would first like to address that the record was misstated. There was no evidence in the record that our clients knew about this tax sale. It's irrelevant. However, the statement is incorrect. The attorneys for our clients were proven to have ordered an estimated redemption. It's immaterial for the purposes of strict compliance. I just wanted to correct that. The 5th District Appellate Court case, fall 2280B. Actually, we agree with you that your client's knowledge is immaterial. But I think what counsel is arguing is that your client has – that there's been enough done to have apprised your client. So it doesn't – that in tax deed cases, it doesn't necessarily – Yeah, that's completely a misstatement of law. That it doesn't – well, there's actually a United States – It is. 2210 is unambiguous. 2210 is unambiguous. It says, in order to be entitled to a tax deed, this 2210 notice shall be served. 2215 is unambiguous. That 2210 has to be served in the time, in the manner of law. It doesn't matter who knew what. You can see City of Chicago, the Johnson case, where the court vacated the order for tax deed in reverse with the trial court because that notice was just served outside of the time limit, the certified mail notice. That 2210 notice has to be attempted. And then the procedure for serving that notice, either personally to 203 or 204 corporate or LLC, at any way, which way you have it, it has to comport with the procedural process of the service of that notice. And in this case, the court need look no further than C35 of the record. This is an uncontested share affidavit that says corporate service was affected on Linda Alomari to BCL Peterson-Cain care of Ayman Alomari. This is fatally defective. This is not substitute service. This is not corporate service because it's unrebutted for purposes of cross-motion that Linda Alomari did not have authority and was not an agent for BCL. There's an affidavit of Ayman Alomari that was unrebutted by deposition testimony. There's an affidavit of Joanne Rabby that is unrebutted by deposition testimony. At all times, through two rounds of vigorous discovery, Appley had every opportunity to go to the sheriff's office and say, hey, hey Tom Dart, hey Colin Luce, did you guys really mean to set up? Did you really mean? Can you check to see if you sent certified mail as required by 203? But they didn't do that. They waived that opportunity. They forfeited that right. The sheriff's affidavit is unrebutted and it does not comport with 2210 and 2215. But let's just back up a second. I'm going to ask you to respond to their argument is that what's required of them in terms of strict compliance is to place it with the sheriff, pay the sheriff's fees, and then once the sheriff makes service, regardless of who the sheriff makes service to or whether the sheriff makes no service at all, that they've done all they're supposed to do within the statute. That's their argument. That's a flat out misstatement of the statutory provisions. It's a misstatement of law. It is a misstatement of every controlling case law cited in our brief. It is the tax purchaser's duty and burden to prove that it strictly complied with each one of these notices that encompass the Illinois Constitutional requirements for the process of notice before the taking. That is an absolute misstatement. The tax purchaser, after redemption, has to plead and prove to that court and prove that they strictly complied with these notice provisions and they don't just pay for it and walk away and say we're done, we get a tax deed. This is the city of Chicago v. Johnson. The order was vacated because it was outside of the notice serving window. As the court said in Midwest, the tax purchaser made the same argument. Oh, it's an insignificant error. No. The court in Midwest, which is the cornerstone of the application of strict compliance, said it doesn't matter if the error is insignificant because you are balancing the taking of this property and their burden to strictly comply with these notice provisions would then ultimately, the 31st day, you're out, merchantability of tax deed. If the sheriff indicated on that form that it was substitute service, would we still be here? No, I think it would be a different story. And they had every opportunity through two rounds of discovery to confer with the sheriff. They didn't do anything to pursue that in discovery. That's a summary, but it affidavit and for purposes of cross-pushing for summary judgment that is fatally defective because it is unrebutted that Linda Alomari was not an agent. I want to close, and I know it's probably five minutes, but I want to close with a statement quickly, if I may, about 22-5. I need this court to understand the ramifications that could occur if this court were to put out an opinion saying that only the 21-355 amount of redemption is required in that form, no notice. What you need to understand is that an opinion put out to this public could result in property owners going over to the county clerk and saying, no, no, this is the amount to redeem. The six-month interval is not here yet. Sorry, I don't have to pay your $13 fees. You're imagining that happening on the very last day to redeem. I'm sorry? You're imagining that that could happen on the very last day to redeem at 4-30 when the office is about to close. And many people, most people, I won't get into that, but some people don't carry money in their pockets anymore. They don't have $13. They don't have a way of getting $13. Yes. That's kind of where you're going with this. Yes. If you were to. Yes, exactly. And that's why that fifth district case is distinct because that is not a payment to the county clerk. And when you're paying that county clerk, at least in Cook County under the home rule, you have to pay that $13. And that might not be a lot to me. That might not be a lot to you. Didn't that issue come up in the Blossom case? I'm sorry? Didn't that issue come up in the Blossom case recently decided by the Supreme Court? Yes, under the second portion of our first argument, we did point out to the court that the Blossom case came after. And if I recall, there was a dissent on that issue maybe in that case, right? Yes. Do you remember it? Have you read the case? Yes, I read the case. There was a dissent on that issue. Yes. Well, the Blossom case didn't involve whether or not the amount at the time of the notice. The Blossom case involved whether or not the tax years listed on the form of notice were in strict compliance. It did not involve the time of the notice, but it did involve a post-judgment motion, direct attack. And so. . . Go ahead. Go ahead. No, I was going to say when you're done, finished, and then left. Okay, and so to conclude, I just want to conclude with my last point is 2248. It is the duty of the court under 2248 that the court shall insist on strict compliance. Midwest, Glory, Anderson, Flam. It doesn't matter if somebody appears. It doesn't matter. Once the court has knowledge, you can take us out of it. Once you have knowledge that this is a fatally defective affidavit, once you have knowledge that this is an incorrect amount, it doesn't even matter if somebody appears. The court has a duty that it shall apply to insist on extra compliance, and these orders need to be vacated. And I will note that aside from that, that if the court does vacate the orders for tax deed, 2280B payment is applicable here. That our client would be required to pay 2280B payment to the tax deed grantee, the AFNI, because we're moving to vacate the order. And that that would be a requirement as well. I'm going to ask the counsel for both parties to stay in the courtroom for just a minute while we confer briefly, and then we'll be right back. Okay. Thank you.